IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TED A. JOHNSON, | ) | 8:08CV314 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendant's Motion to Dismiss. (Filing No. 8.) As set forth below, the Motion is granted.

### I.   *BACKGROUND AND SUMMARY OF AMENDED COMPLAINT*

Plaintiff Ted A. Johnson filed his claim in Douglas County, Nebraska Small Claims Court on June 25, 2008. (Filing No. 1 at CM/ECF pp. 4-5.) On July 18, 2008, Defendants filed a proper Notice of Removal of Plaintiff's claims. (Filing No. 1.) Also on July 18, 2008, Defendant filed a Notice of Substitution, stating that the United States of America is the proper party in this action pursuant to 28 U.S.C. § 2679 (b)(1).[1]

Plaintiff's allegations are sparse. However, it is clear that Plaintiff's claims relate entirely to a money order he sent through the United States Postal Service ("USPS"). (Filing No. 1 at CM/ECF p. 4.) Plaintiff claims that he is owed $1,234.56 for a "stolen money order proved it was stolen. Time mileage stress and frustration." (*Id.*) Plaintiff submitted a document which the Clerk of the court docketed as a

---

[1] The court agrees that the United States of America is the proper party in this action and will direct the Clerk of the court to update the docket sheet in accordance with the Notice of Substitution.

"Motion for Return of Money." (Filing No. 11.) In that document, Plaintiff states that "he found out who cashed the money order," and that the person is "an employee in the homeland security mailroom." (*Id.*)

Plaintiff also attaches an article from the Omaha World-Herald newspaper to the Motion, which Plaintiff states "says it all." (*Id.*) In accordance with NECivR 15.1, the court treats the Motion (filing no. 11) and the attached newspaper article as supplemental to the original claim. Summarized and condensed, the Motion and newspaper article show that Plaintiff sent a $350.00 money order to the U.S. Bureau of Citizenship and Immigration Services ("USCIS") through the U.S. Mail. (*Id.* at CM/ECF p. 4.) That money order was stolen by a "mail processing employee" working at the USCIS and was therefore never received by the USCIS. (*Id.*) In short, Plaintiff seeks monetary relief for lost mail.

On January 23, 2009, the court held a hearing concerning the pending Motions. The parties agree that Plaintiff forwarded a $350.00 money order to the USCIS. Plaintiff sent the USCIS an application for a visa on behalf of his wife (the "Application"). The money order represented the necessary fee for the Application. USCIS, through the Assistant US Attorney, now concedes that the money order was stolen by a now-terminated USCIS employee. The culprit forwarded the visa Application to a processing center where it was promptly denied for want of the stolen fee.

Plaintiff then made a claim to the USPS for the lost money order. It returned his claim because he did not obtain the signature of the person for whom the money order was sent. Of course, he could not obtain that signature because the USCIS denied it ever received the money order and no person at the USCIS would sign the claim form. Apparently, Plaintiff's USPS claim was denied more than once.

Obviously within the clutches of a classic bureaucratic "Catch 22," Plaintiff sought help from a local television station. He reported this unfortunate series of events. The television station published his story. USCIS then responded by waiving the fee for the Application. USCIS also preserved the original filing date for the Application. Apparently, the Application is now on course for successful resolution.

Defendant argues that Plaintiff received the value of his lost money order when USCIS waived the application fee. Plaintiff argues that he has additionally incurred court costs, transportation expenses, and the time, trouble and inconvenience caused by the larceny of a government employee. Defendant further argues that it is entitled to sovereign immunity and that Plaintiff has not exhausted his administrative remedies and, accordingly, this court has no jurisdiction to decide this claim.

## II.   ANALYSIS

Defendant seeks dismissal of the claims against it because it is entitled to sovereign immunity and because Plaintiff has failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). (Filing No. 10 at CM/ECF p. 1.) The court agrees with Defendant on both arguments.

### A.   **Sovereign Immunity**

"Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued . . . . This consent must be unequivocally expressed in statutory text . . . and the scope of a sovereign immunity waiver is strictly construed in favor of the sovereign." *Miller v. Tony and Susan Alamo Found.*, 134 F.3d 910, 915 (8th Cir. 1998). It is well established that, absent an express waiver, the doctrine of sovereign immunity bars a plaintiff's claim for money damages against the United States, its agencies, and its officers in their official capacities. *See, e.g., FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586

3

(1941). Further, "sovereign immunity is jurisdictional in nature." *Meyer*, 510 U.S. at 475, *citing United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction.").

The United States has expressly retained its sovereign immunity for claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This section shows that the U.S. Postal Service "specifically retained sovereign immunity as to lost postal matter" and "is designed expressly to bar actions for losses occasioned by the handling of goods within the postal system." *Allied Coin Invest., Inc. v. U.S. Postal Serv.*, 673 F. Supp. 982, 985-987 (D. Minn. 1987); *see also C.D. of NYC, Inc. v. United States Postal Serv.*, 157 Fed. Appx. 428, 429 (2d Cir. 2005) (affirming district court's dismissal on sovereign immunity grounds under 28 U.S.C. § 2680(b) where Bureau of Customs employee stole parcels and noting that stolen parcels were "lost" under provisions of 28 U.S.C. § 2680(b)).

Although the Eighth Circuit has not faced the issue, the U.S. District Court for the Eastern District of Missouri faced a nearly-identical situation in *Pruitt v. United States Postal Serv.*, 817 F. Supp. 807, 808 (E.D. Mo. 1993). In *Pruitt*, the plaintiff brought a small-claims action in state court relating to a lost package she sent through the U.S. Postal Service. The United States removed the action to federal court. *Id.* at 807. The United States then moved to dismiss, stating that the plaintiff's action was barred by sovereign immunity and that she had failed to exhaust her administrative remedies. *Id.* at 808. The court agreed on both points,stating that:

> [T]he United States is not subject to suit for the loss, miscarriage or negligent transmission of letters or postal matter. The United States is subject to suit only if it waives its sovereign immunity. Although the FTCA waives the United States sovereign immunity in some instances, it also delineates causes of action for which the United States may never

4

be sued. *Forrest City Mach. Works, Inc. v. United States,* 953 F.2d 1086, 1087 (8th Cir.1992). Claims for the loss, misdelivery or negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity.

*Id.*

Here, Plaintiff's claims relate entirely to the loss of a money order once it was placed in the mail. As set forth above, the United States enjoys sovereign immunity for lost-mail claims. This is true even where, as happened here, a mail room employee engages in theft. The United States has not waived this grant of sovereign immunity. Plaintiff's claims must therefore be dismissed because this court lacks subject matter jurisdiction.

### B. Exhaustion of Administrative Remedies

Further, even if Plaintiff's claims were not barred by sovereign immunity, he has failed to exhaust his administrative remedies. Before a plaintiff may bring an action under the FTCA, he must first comply with the administrative claim requirement, which is a prerequisite to filing a claim under the FTCA. As set forth in 28 U.S.C. § 2675(a):

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have **first** presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). Even with the most liberal construction, Plaintiff does not allege that he complied with the administrative requirements of the

5

FTCA prior to filing this action, nor is it apparent from the record that Plaintiff has done so.

### III.    CONCLUSION

The court sympathizes with Plaintiff's plight. The USPS in particular has been less than helpful in resolving this claim. The USCIS had to be prodded by the news media to resolve a predicament created by its apparent failure to properly supervise its employees. In pursuit of his claim, Plaintiff filed a small claims action to recover his property and to obtain compensation for his expenses and the inconvenience pursuing his claim. Defendant avers that Plaintiff first needs to file a tort claim. Undoubtedly, they will then aver that the claim is time barred.

Fortunately, USCIS has restored Plaintiff to his pre-claim status, less any expenses or inconvenience he may have suffered. Unfortunately, the court, in the context of this case, is without jurisdiction to provide Plaintiff a remedy other than to offer an understanding ear to his plight and a forum to vent his justifiable frustration.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's Complaint (filing no. 1) and this action are dismissed without prejudice.

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

3.    The Clerk of the court shall update the docket sheet in accordance with the Notice of Substitution. The United States of America is the only Defendant.

4.    Plaintiff's Motion for Return of Money (filing no. 11) is denied.

January 29, 2009.                    BY THE COURT:

                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge